**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| PETE COFFEY, JR., )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>CAPTAIN E. WILSON, )<br>)<br>Respondent ) | Case No. CIV-05-1086-M |

**REPORT AND RECOMMENDATION**

Petitioner, a state prisoner appearing pro se, brings this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. Pursuant to an order of United States District Judge Vicki Miles-LaGrange, the matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the petition has been promptly examined, and for the reasons set forth herein, it is recommended that the petition be dismissed on filing.

Petitioner is challenging his conviction for manufacture of a controlled and dangerous substance, for which he was sentenced to ten years imprisonment. Case No. CF-2002-533, District Court of Comanche County. On September 23, 2004, the Oklahoma Court of Criminal Appeals affirmed his conviction on direct appeal in Case No. F-2003-989. Petition, p 2. Petitioner filed an application for post-conviction relief in the District Court of Comanche County, which was denied on September 9, 2005, the same date he signed the instant petition. Petition, p. 3, See Oklahoma State Courts Network Court Dockets Case No. F-02-533 <http://www.oscn.net/applications/ocis web/GetCase Information.asp?submitted=true&viewtype=caseGeneral&casemasterID

=205534&db=Comanche> (docket sheet noting the denial of Petitioner's application for post conviction relief).[1]  Petitioner has not yet appealed the denial of post-conviction relief to the Oklahoma Court of Criminal Appeals, because at the time of this filing the state court petition was still pending in the District Court of Comanche County.  Whether Petitioner will appeal remains to be seen.

Petitioner raises eight grounds for relief.  In Ground One, he claims that his Fourth Amendment rights were violated due to the warrantless entry of peace officers to search his property; in Ground Two he claims that his due process rights were violated because there was no probable cause for the issuance of the search warrant; in Ground Three he claims his due process rights were violated by the state's investigation into the allegations of the commission of a criminal act of murder by him upon Indian land; in Ground Four, he states that the state lacked personal jurisdiction to prosecute him thereby violating his due process rights; in Ground Five he states that the jury verdict of guilty to a provision of law other than that charged was in violation of his due process rights; in Ground Six he claims ineffective assistance of trial counsel; in Ground Seven he claims that the appellate court's summary ruling upholding the search warrant based upon information obtained by the warrantless arrest violated his due process rights; and, in Ground Eight, he claims ineffective assistance of appellate counsel.  Petition, pp. 5, 8, 10, 13, 15, 18, 21 24.  With regard to the claims raised in Grounds Three, Four, Five, Six, Seven and Eight, Petitioner acknowledges that he has not yet exhausted the claims, but that he is

---

[1] When Petitioner mailed the petition on September 9, 2005, he was apparently unaware of the decision of the District Court of Comanche County denying his application for post conviction relief. Petition, p. 3.

attempting to through state post conviction proceedings. Petition, p. 11, 12, 13, 14, 16, 17, 20, 23, 25, 26.

28 U.S.C. § 2254(b)(1) requires that generally a state prisoner must exhaust his state court remedies before bringing a habeas petition in federal court. In this Circuit, a petitioner may satisfy the requirement by showing either "that a state appellate court has had the opportunity to rule on the same claim presented in federal court or that at the time he filed his federal petition, he had no available state avenue of redress. Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir. 1992) (internal citations omitted). See also 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). Furthermore, it is clear that the Petitioner bears the burden of showing that his state court remedies have been exhausted. Hernandez v. Starbuck, 69 F.3d 1089, 1092 (10th Cir. 1995).

The undersigned finds that it is proper to raise the issue of exhaustion sua sponte. Odum v. Boone, 62 F.3d 327, 333 n. 2 (10th Cir. 1995) ("We agree with the magistrate judge's conclusion that a court may raise the defense of nonexhaustion sua sponte."); Darks v. Ward, No. 96-6086, 1997 WL 346044 *1 (10th Cir. June 24, 1997) (upholding sua sponte dismissal because the Oklahoma Court of Criminal Appeals had not yet decided the appeal at the time the habeas petition was filed).[2]

Based on the review of the petition, the undersigned finds that Petitioner has not fully exhausted his state court remedies. Petitioner affirmatively states in response to

---

[2]Unpublished disposition cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

questions asked on the form petition that he did not raise the claims presented in Grounds Three, Four, Five, Six, Seven and Eight on direct appeal, and that those claims are in the process of being exhausted through state post conviction proceedings. Petitioner has not yet sought relief from the Oklahoma Court of Criminal Appeals on these grounds and thus he has not exhausted available state court remedies. Petitioner's remaining claims, those in Grounds One and Two, were raised on direct appeal, and thus appear to be exhausted.

Because the instant petition presents both exhausted and unexhausted claims, it is a "mixed petition." Pliler v. Ford, 542 U.S. 225,---, 124 S.Ct. 2441, 2445 (2004) (citing Rose v. Lundy, 455 U.S. 509, 510 (1982)). When a mixed petition has been presented to the court, the petition must be dismissed, "which, as a practical matter, means that the prisoner must follow one of the two paths outlined in Rose if he wants to proceed with his federal habeas petition." Pliler, 542 U.S. at _, 124 S.Ct. at 2447; Rose, 455 U.S. at 510 ("district court must dismiss such 'mixed petitions,' leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court"); see also Moore v. Schoeman, 288 F.3d 1231, 1235 (10th Cir. 2002) ("a district court faced with a habeas petition containing unexhausted claims may either (1) dismiss the entire petition without prejudice in order to permit exhaustion of state remedies, or (2) deny the entire petition on the merits."). Accordingly, the undersigned recommends that the habeas petition be dismissed without prejudice to refiling after Petitioner exhausts his state court remedies, unless within twenty (20) days of any order adopting this Report and Recommendation, Petitioner amends his petition to present only the exhausted claims.

As the Supreme Court noted in Pliler, the rule requiring dismissal of mixed petitions can sometimes operate to cause a timeliness problem for a petitioner:

> the combined effect of Rose and [the Antiterrorism and Effective Death Penalty Act's] limitations period is that if a petitioner comes to federal court with a mixed petition toward the end of the limitations period, a dismissal of his mixed petition could result in the loss of all of his claims--including those already exhausted--because the limitations period could expire during the time a petitioner returns to state court to exhaust his unexhausted claims.

Pliler, 124 S.Ct. at 2445.  In this case, however, Petitioner is not currently facing a time issue.  Petitioner's conviction became final ninety days after his direct appeal was denied by the Oklahoma Court of Criminal Appeals, when his time for seeking a writ of certiorari expired.  See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001) (a petitioner's conviction is not final following a decision by the state court of last resort until after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed.  (citation omitted)).  The Oklahoma Court of Criminal Appeals denied Petitioner's direct appeal on September 23, 2004, and his time for seeking certiorari review expired on December 22, 2004.  Pursuant to 28 U.S.C. § 2244(d)(1)(A), Petitioner had one year from that date in which to file his petition pursuant to 28 U.S.C. § 2254.  Without any tolling, Petitioner's application for § 2254 relief will be timely anytime prior to December 22, 2005.

Additionally, the time during which any properly filed state application for post conviction relief is pending operates to toll the statute of limitations period.  28 U.S.C. § 2244(d)(2).  Accordingly, if properly filed, Petitioner's recently denied application for post conviction relief, which he states was filed in the District Court of Comanche County

on July 21, 2005, would toll the statute of limitations period for at least eighty days.[3] If Petitioner does properly file an appeal, the limitations period would remain tolled until the appeal is decided. Accordingly, the undersigned concludes that Petitioner's current situation does not present any danger that dismissal of the instant petition in light of its status as a mixed petition will impact his ability to timely seek relief under 28 U.S.C. § 2254.

## RECOMMENDATION

For the reasons discussed above, it is recommended that the petition for writ of habeas corpus be dismissed upon filing due to Petitioner's failure to exhaust his state court remedies, unless within twenty (20) days of any order adopting this Report and Recommendation, Petitioner files an amended petition presenting only his exhausted claims. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by October 18, 2005, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein. Moore v. United States, 950 F.2d 656 (10th Cir. 1991). This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter. The Clerk of the Court is directed to transmit a copy of the petition and the Report and Recommendation

---

[3]This eighty day period is arrived at by counting the fifty days the application for post-conviction relief was pending in state court and by adding thirty days to that period for the period in which Petitioner could file an appeal with the Oklahoma Court of Criminal Appeals, even if he does not appeal. Gibson v. Klinger, 232 F.3d 799, 803 (10th Cir. 2000) (Regardless of whether a petitioner actually appeals the denial of a post-conviction relief application the limitation period is tolled during the thirty day period in which the petitioner could have sought relief under Oklahoma law).

to the Attorney General of the State of Oklahoma on behalf of the Respondent at the following address: fhc.docket@ oag. state.ok.us.

**ENTERED this 28th day of September, 2005.**

_/s/ Doyle W. Argo_
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE