**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **PETE COFFEY, JR.,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-05-1086-M** |
| | ) | |
| **CAPTAIN E. WILSON,** | ) | |
| | ) | |
| **Respondent** | ) | |

## SUPPLEMENTAL REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing pro se, filed this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. On September 28, 2005, the undersigned recommended that the petition be dismissed without prejudice, because it was a mixed petition, that is one containing both exhausted and unexhausted claims. On December 5, 2005, United States District Judge Vicki Miles-LaGrange entered an order adopting the Report and Recommendation. [Doc. No. 10]. Judge Miles-LaGrange also granted Petitioner's motion to amend his petition so as to exclude his unexhausted claims, but she denied his request for a stay. Finally, Judge Miles-LaGrange recommitted this matter to the undersigned for further proceedings. Petitioner thereafter filed his amended petition containing only his exhausted claims, but on December 16, 2005, he filed a "Motion for Enlargement of Time to Exhaust State Remedies," again requesting a stay of the instant petition so that he might exhaust the unexhausted claims that he omitted from the amended petition. The undersigned hereby recommends that the motion be denied.

Petitioner filed this action challenging his conviction for the manufacture of a controlled and dangerous substance, for which he was sentenced to ten years imprisonment, Case No. CF-2002-533, District Court of Comanche County. The

Oklahoma Court of Criminal Appeals affirmed Petitioner's conviction on direct appeal on September 23, 2004, Case No. F-2003-989. Petition, p. 2. On July 21, 2005, Petitioner filed an application for post-conviction relief in the District Court of Comanche County. Petition, p. 3. The District Court of Comanche County denied Petitioner's application in an order filed September 9, 2005, the same date on which Petitioner executed his federal habeas corpus petition, which was filed in this Court on September 16. Motion for Enlargement of Time, p. 2 and exhibit 2 to the Motion. Petitioner did not timely file a notice of appeal from the September 9, 2005 order. Motion for Enlargement, p. 2. On October 28, 2005, Petitioner filed a second application for post-conviction relief, ostensibly seeking an appeal out of time. Motion for Enlargement, p. 1 and Exhibit 1 to the Motion. Six days after the motion for enlargement was filed in this Court, the District Court of Comanche County, on December 22, denied Petitioner's second application for post-conviction relief. See Oklahoma State Courts Network, Docket No. CF-02-533, District Court of Comanche County, (accessed January 4, 2006). It does not appear from the docket sheet that Petitioner has appealed that order either. By his motion now before the Court, Petitioner asks for ninety days in which to exhaust the claims that he voluntarily dismissed by filing his amended petition.

As noted in the Report and Recommendation of September 28, 2005, traditionally a mixed habeas corpus petition is dismissed without prejudice to refiling after total exhaustion. In 2005, the Supreme Court recognized that the one-year limitations period of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)[1], combined with

---

[1] Pub. L. No. 104-132, 110 Stat. 1214, effective April 24, 1996.

2

the total exhaustion requirement, could result in a petitioner losing the right to all federal review while attempting to ensure total exhaustion.  See Rhines v. Weber, _ U.S. _, 125 S.Ct. 1528 (2005).  The Court considered the propriety of permitting a petitioner to stay his petition in federal court while attempting to complete state proceedings.

> Under this procedure, rather than dismiss the mixed petition pursuant to Lundy, a district court might stay the petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Once the petitioner exhausts his state remedies, the district court will lift the stay and allow the petition to proceed in federal court.

Id. at 1534.  However, stay and abeyance is proper only in limited circumstances, because widespread application would encourage petitioners to bypass the state court exhaustion requirement that normally applies prior to the filing of claims in federal court.  Therefore, before a stay may be imposed, a petitioner must establish good cause for his failure to first exhaust his claims in state court.  Id. at 1535.  Furthermore, "even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless."  Id.

Therefore, Petitioner must first establish good cause for his failure to follow the proper protocol, that is for failing to first exhaust his claims in state court.  Petitioner filed his mixed petition on September 16, 2005, without awaiting a decision in his then-pending state post-conviction application.[2]  At the time Petitioner filed his petition, the statute of limitations was tolled because of the pendency of his post-conviction application.  Petitioner has not established that at the time he instituted this petition that

---

[2] Petitioner's contention that he did not receive a copy of the September 9, 2005 order from the District Court of Comanche County in a timely manner does not provide good cause for his failure to exhaust his state claims in state court prior to filing this 28 U.S.C. § 2254 petition.

he had good cause for not following the procedure of waiting until the denial and appeal of his post-conviction application before filing a federal habeas corpus petition.  Because Petitioner has not established good cause for his failure to exhaust his state remedies prior to filing his petition for habeas corpus relief pursuant to 28 U.S.C. § 2254, the undersigned need not consider whether the unexhausted claims are plainly meritless.  Accordingly, the undersigned recommends that the Petitioner's request for a stay of this petition be denied.

The undersigned notes that now, as when the September 28, 2005 Report and Recommendation was issued, that it does not appear that Petitioner should have an immediate concern about timeliness.  As noted, the  Oklahoma Court of Criminal Appeals denied Petitioner's direct appeal on September 23, 2004, and the conviction became final on December 22, 2004, after the ninety days passed in which he could have sought a writ of certiorari from the United States Supreme Court.  See Locke v. Saffle, 237 F.3d 1269, 1273 (10th Cir. 2001).  Therefore, without tolling, his statute of limitations period under 28 U.S.C. § 2244(d)(1) expired on December 22, 2005.  However, 28 U.S.C. § 2244(d)(2) provides that the statute of limitations period is tolled for times during which Petitioner had a properly-filed state application for post-conviction relief pending, which would include the time between the July 21, 2005 filing and the September 9, 2005 decision by the District Court of Comanche County.  Even if Petitioner was not able to pursue an appeal of that order, he would be entitled to thirty additional days of tolling to account for the period of time in which he could have sought an appeal on the denial of his application for post-conviction relief.  Gibson v. Klinger, 232 F.3d 799, 804 (10th

4

Cir. 2000) ("we hold today that, regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law"). Plus, Petitioner's filing of his second application for post-conviction review on October 28, 2005, appears to further toll the limitations period and as the thirty days in which Petitioner has to appeal the December 22, 2005 order denying that application has not yet expired, it appears the limitations period remains tolled.

In response to the Court's prior warning, Petitioner did not indicate that he wished to dismiss the petition, and therefore the undersigned declines to so recommend. Petitioner is again reminded, however, that if he proceeds with only his exhausted claims, he may be precluded from seeking habeas corpus relief on the claims he is currently seeking to exhaust.  28 U.S.C. § 2244(b).

## RECOMMENDATION

For the reasons discussed above, it is recommended that the motion for enlargement of time to exhaust state remedies [Doc. No. 14] be denied.  Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by February 2, 2006, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.  Petitioner is further advised that failure to make timely objection to this Supplemental Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein.  Moore v. United States, 950 F.2d 656 (10th Cir. 1991).  This Report and Recommendation does not dispose of all issues referred to the undersigned Magistrate Judge in the captioned matter.  The Clerk of the Court is directed

to transmit a copy of the amended petition and this Supplemental Report and Recommendation to the Attorney General of the State of Oklahoma on behalf of the Respondent at the following address: fhc.docket@ oag. state.ok.us.

ENTERED this 13th day of January, 2006.

DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE